**Nelson CRUZ, Plaintiff,**

v.

**KENTUCKY ACTION PARK, INC., Defendant.**

No. 1:96 CV 1402.

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 28, 1996.

Jill D. Fehr, Bradley & Giardini, Lorain, OH, for Nelson Cruz.

John P. Calandra, Jr., Baran, Piper, Tarkowsky & Fitzgerald, Cleveland, OH, for Kentucky Action Park, Inc.

### MEMORANDUM OF OPINION

NUGENT, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss (Doc. # 6–1) or in the Alternative to Transfer Venue (Doc. # 6–2). Plaintiff has filed his Reply Brief and Defendant has filed a Reply Memorandum in Support. The matter is now fully briefed and ripe for decision from the Court.

### I. FACTS OF THE CASE

The Complaint in this matter was filed with this Court by Plaintiff, Nelson Cruz, on June 28, 1996. In his Complaint, Mr. Cruz states that he is a resident of the City of Lorain in the State of Ohio. (Compl. ¶ 1). On or about July 10, 1995, Mr. Cruz visited the Defendant, Kentucky Action Park, in Cave City, Kentucky. While at the Defendant park, Mr. Cruz alleges that he "purchased a ticket for a ride described as the 'Alpine Slide' at the Guntown Mountain Attraction." (Compl. ¶ 5). While riding down the slide in the plastic cart Mr. Cruz alleges that the hand brake failed and the cart flew out from underneath him. (Compl. ¶ 6, 7). Mr. Cruz slid down the Alpine Slide upon his right side with no protection. (Compl. ¶ 8). As a result, Mr. Cruz alleges that he sustained severe and permanent personal injuries including but not limited to an impinged thoracic nerve, subsequent neuropathy and atrophy of the affected nerves and muscles, skin abrasions and contusions. (Compl. ¶ 9). Mr. Cruz seeks compensatory damages for lost wages and pain and suffering he claims resulted from his injuries.

On September 6, 1996, Defendant Kentucky Action Park filed its Motion to Dismiss (Doc. # 6) the complaint under FED.R.CIV.P. 12(b) or in the alternative to quash the return of service of summons on the grounds that the court lacks personal jurisdiction and proper venue.

### II. MOTION TO DISMISS STANDARD

■ When personal jurisdiction is challenged, the Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991); *McNutt v. General Motors*

*Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). In the face of a properly supported motion for dismissal, the Plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen, supra*, 935 F.2d at 1458 (6th Cir.1991); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir.1974). Once it is presented with a properly supported 12(b)(2) motion and opposition, the District Court has three procedural alternatives from which to choose: 1) it may decide the motion upon the affidavits alone; 2) it may permit discovery in aid of deciding the motion; or 3) it may conduct an evidentiary hearing to resolve any factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991); *Serras v. First Tennessee Bank Nat'l Assn.*, 875 F.2d 1212, 1214 (6th Cir.1989).

■ In the present case, this Court will decide the Defendant's motion based upon the pleadings presented by the parties and the affidavits attached thereto. As such, the Plaintiff need only make a prima facie showing of jurisdiction to satisfy his burden. *Market/Media Research v. Union–Tribune Publishing Co.*, 951 F.2d 102, 104 (6th Cir. 1991), cert. denied, 506 U.S. 824, 113 S.Ct. 79, 121 L.Ed.2d 43 (1992). Moreover, this Court will read the pleadings and affidavits in a light most favorable to the plaintiff. *Id.*, at 105. If the plaintiff satisfies the prima facie burden showing that personal jurisdiction exists, the motion to dismiss should be denied notwithstanding any controverting presentation by the moving party. *Theunissen*, at 1458.

The present case is a diversity matter between an Ohio citizen and a Kentucky corporation. To subject the Defendant to the personal jurisdiction of this court, this Court must find that the Defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 981 (6th Cir.1992); (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

## III. PERSONAL JURISDICTION UNDER OHIO LAW

■ To determine whether personal jurisdiction is proper in a diversity case, District Courts must apply the law of the state in which they sit. *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980), cert. denied, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). In Ohio, personal jurisdiction may be established by minimum contacts with the state as defined in Ohio Rev.Code § 2307.382, the state's long arm statute, which states, in pertinent part, as follows:

(A) A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a cause of action arising from the person's:

(1) transacting any business in this state;

(2) contracting to supply services or goods in this state;

(3) causing tortious injury by an act or omission in this state;

(4) causing tortious injury by an act or omission outside this state if he regularly does or solicits business ... in this state;

(5) causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state ...;

(6) causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons ...;

(7) causing tortious injury to any person by a criminal act, any element of which takes place in this state ...;

(8) having an interest in, using, or possessing real property in this state;

(9) contracting to insure any person, property, or risk located within this state at the time of contracting.

(B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state.

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

O.R.C. 2307.382; see also, *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (1994).

## IV. DISCUSSION

■ Attached to Defendant's Motion to Dismiss is the affidavit of Mr. Dan Broady, President of Kentucky Action Park, Inc. Mr. Broady avers that Defendant "never transacted any business in Ohio, neither directly nor through an agent; has never contracted supply goods or services in Ohio [and] did not cause any injuries in the State of Ohio."

In response, Plaintiff has attached the affidavit of Ms. Jill D. Fehr, Attorney for the Plaintiff. Ms. Fehr avers that she was able to obtain advertising materials describing the Park and its rides by visiting a local Holiday Inn and retrieving tourist information. Ms. Fehr also obtained brochures identifying the Alpine Slide through a local travel agency as well as through the use of "800" telephone numbers. Several of these brochures are attached to the Plaintiff's Reply Brief. (Doc. # 8). Plaintiff argues that this evidence clearly shows that Defendant purposefully targeted the Ohio market in its advertising materials and thus availed itself of the laws of Ohio.

■ It is clear that O.R.C. 2307.382 and Ohio R.Civ.P. 4.3(A) are very broadly worded and permit jurisdiction over nonresident Defendants who are transacting any business in Ohio. Notwithstanding the broad discretion given by the Ohio statutes, the central concern in a question of personal jurisdiction is the predictability and fairness of a court taking jurisdiction over a defendant. To ensure this predictability and fairness "it is essential that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) (quoted in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)).

In *Green v. Chicago, Burlington & Quincy Ry. Co.*, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916 (1907), the Supreme Court held that the

mere solicitation of business in a state by agents of a foreign corporation did not constitute business therein so as to render the corporation amenable to the jurisdiction and process of the courts in the state. In *Wainscott v. St. Louis–San Francisco Ry. Co.*, 47 Ohio St.2d 133, 1 O.O.3d 78, 351 N.E.2d 466 (1976), the Ohio Supreme Court adopted the "mere solicitation doctrine" set forth in *Green* and its progeny. The *Wainscott* Court relied upon *Green* to find that a railroad company that had no tracks in Ohio and merely leased two offices in the state for purposes of soliciting freight traffic to be carried over the corporations out-of-state lines did not have the necessary minimum contacts with Ohio to justify the exercise of in personam jurisdiction.

In the present case, Defendant argues that the "mere solicitation doctrine" is appropriate to this action. Defendant argues that it has employed no express agents in Ohio to solicit business. Moreover, Defendant argues that it never negotiated a contract, sold or distributed any product or service within the jurisdiction of Ohio.

Reading the affidavits in a light most favorable to the Plaintiff, this Court finds that personal jurisdiction over the Defendant does not exist in the present matter. It cannot be said that the purported injuries arose from any solicitation by Defendant. Rather, the purported injuries may have arisen from the condition of Defendant Alpine Slide in the state of Kentucky. The connection between the Defendant's mere solicitation and the Plaintiff's alleged injuries are too tenuous to assert this Court's jurisdiction. This Court concludes that Plaintiff has failed to meet the requirements of Ohio's long arm statute, O.R.C. § 2307.382.

Accordingly, this Court cannot maintain jurisdiction over this action. However, this finding does not end the discussion of this matter.

## V. MOTION TO TRANSFER VENUE

█ Although this Court has found that personal jurisdiction does not exist the Defendant has alternatively moved this Court to Transfer Venue of this case to a Kentucky Federal District Court on the grounds of the convenience of the parties and witnesses. Pursuant to 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In a diversity action, such as the present case, venue is appropriate in "a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(a)(3). The determination that this Court does not have jurisdiction over Defendant establishes that this district is an inappropriate venue for this action.

In his reply to Defendant's Brief the Plaintiff has stated that "a Transfer to another Federal District is preferred over a Dismissal." (Doc. # 8, pg. 11). Both parties have, in essence, consented to the transfer of this action to a Federal Court in Kentucky. As this case is a federal action based upon diversity of citizenship transfer of venue is proper in the interest of justice.

Therefore, pursuant to 28 U.S.C. § 1406 this action will be transferred to the United States District Court for the Western District of Kentucky.

Accordingly, Defendant's Motion to Dismiss (Doc. # 6–1) is DENIED and Defendant's Motion to Transfer Venue (Doc. # 6–2) is GRANTED.

IT IS SO ORDERED.

### *ORDER*

Pursuant to the Memorandum of Opinion filed contemporaneously herewith, the Defendant's Motion to Dismiss (Doc. # 6–1) is **DENIED** and Defendant's Motion to Transfer Venue (Doc. # 6–2) is **GRANTED**.

For the reasons set forth therein, the Clerk of Court is hereby ordered to transfer this action to the United States District Court for the Western District of Kentucky.

IT IS SO ORDERED.